VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        24-AP-026



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

OCTOBER TERM,   2024

City of Burlington v. Sisters & Brothers
Investment Group LLP\*

}
}
}
}
}
}

APPEALED FROM:

Superior Court, Environmental Division
CASE NO. 29-4-20 Vtec
Trial Judge: Thomas S. Durkin

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the Environmental Division's fine determination following a remand from this Court.  It argues that the Environmental Division failed to follow this Court's instructions on remand and that it imposed a punitive fine.  We affirm.

This case involves a municipal enforcement matter brought by the City of Burlington against defendant for operating an unpermitted private parking lot in Burlington.  The history of this case is described in our prior decision.  See City of Burlington v. Sisters & Bros. Inv. Grp., 2023 VT 24, ¶¶ 2-10.  As relevant here, the Environmental Division concluded that defendant committed various zoning violations.  It issued injunctive relief and imposed $66,759.92 in fines, among other relief.  In its first appeal, defendant argued that the Environmental Division erroneously factored defendant's noncompliance with a 2004 agreement into its fine assessment. The 2004 agreement was entered into by defendant's predecessor-in-interest and the City of Burlington one day before defendant purchased the property, and it set out specific requirements to cure an unappealed 2002 Notice of Violation.  We agreed with defendant that there was insufficient evidence to show that defendant "knew or should have known" about the 2004 agreement and we therefore remanded to the trial court "to recalculate the fine without using the agreement as an aggravating factor."  Id. ¶¶ 17, 22.

On remand, the parties agreed that there was no need to reopen the evidence and they filed briefs on the sole issue before the Environmental Division: the recalculation of fines.  The court considered the factors relevant to assessing a fine without considering the 2004 agreement. Based on its analysis, it issued a decision directing defendant to pay the City of Burlington $44,600 in total fines for the zoning violations and to reimburse the City for its costs, for a total award of $66,759.92.  This appeal followed.

Defendant argues on appeal that we directed the Environmental Division to "substantively recalculat[e] the penalty amount" and it failed to do so.  According to defendant, had the Environmental Division followed this Court's directions on remand, it "should have significantly reduced the penalty amount."  It further contends that the penalty is punitive.

We reject these arguments. The Environmental Division acted consistently with our remand instructions. See In re N.E. Materials Grp. LLC, 2016 VT 87, ¶ 7, 202 Vt. 588 (recognizing that, on remand, court must "follow the specific instructions given by this Court, interpreted in light of the opinion"). We did not direct the Environmental Division to reduce its award. Instead, we instructed it "to recalculate the fine without using the agreement as an aggravating factor." Sisters & Bros. Inv. Grp., 2023 VT 24, ¶ 17. The court did so here. As we recognized in defendant's first appeal, the Environmental Division "has broad discretion to set fines once it has determined the existence of zoning violations." Id. ¶ 18. In conducting its analysis, "the court must 'balance any continuing violations against the cost of compliance and . . . consider other relevant factors, including those specified in the Uniform Environmental [Law] Enforcement Act,' codified at 10 V.S.A. § 8010." Id. (quoting In re Beliveau NOV, 2013 VT 41, ¶ 23, 194 Vt. 1). The Environmental Division engaged in that balancing here, without consideration of the 2004 agreement, and it acted well within its discretion in concluding that a total award of $66,759.92 was warranted. It set forth the basis for its calculation in its decision, including defendant's poor record of compliance, its knowledge of the ongoing violations, and the fact that the violations existed for 892 days. The fact that the court reached the same conclusion without considering the 2004 agreement does not demonstrate an abuse of discretion or a departure from our instructions on remand.

We similarly reject defendant's assertion that the penalty was punitive. This argument rests on a premise that we rejected above, namely, that the court "failed to recalculate and reduce the penalty on remand as instructed." See generally Town of Hinesburg v. Dunkling, 167 Vt. 514, 527-28 (1998) (holding that fine not punitive where "rationally related to the damages suffered from [a] landowner's violation of Town's bylaw"). Defendant also attempts to challenge a factual finding, unrelated to the 2004 agreement, that "the unregulated and unsupervised use of the Property brought visual blight to the neighborhood, and prevented the public from benefiting from a use that conforms with the residential housing zoning district the Property is located." The Environmental Division made essentially this same finding in its original order and defendant did not argue on remand that this was an inappropriate subject for the court's consideration. Putting aside defendant's failure to raise this argument on remand, defendant fails to show that the Environmental Division's observation is irrelevant to "the degree of actual or potential impact on public health, safety, welfare, and the environment resulting from the violation," 10 V.S.A. § 8010(b)(1), one of the statutory factors that the court was required to consider. We find no error in the court's decision.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice